# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| MILLER CONSTRUCTION EQUIPMENT SALES, INC., <br><br> Plaintiff, <br><br> v. <br><br> CLARK EQUIPMENT COMPANY d/b/a DOOSAN INFRACORE CONSTRUCTION EQUIPMENT OF AMERICA, <br><br> Defendant, <br><br> JCB, INC., <br><br> Interested Party. | Case No. MC415-013 <br><br> (Pending in the United States District Court for the District of Alaska, Civil Action No. 1:15-cv-00007-HRH) |

## ORDER

This case involves "The Law of the Last Day." Some background: The caption above reflects an Alaska-bound case. JCB, Inc., initiated this miscellaneous action -- as an "Interested Party" -- so it could move to quash a Fed. R. Civ. P. 45 subpoena served upon it by defendant Clark Equipment Company, d/b/a Doosan Infracore Construction Equipment of America ("Doosan"). Doc. 1. The Court stayed the subpoena (doc. 2) and the Clerk (see his July 28, 2015 docket entry) reminded Doosan that

it must respond, per Local Rule (L.R.) 7.5's 14-day response period, by August 10, 2015. By local rule, the "[f]ailure to respond within the applicable time period shall indicate that there is no opposition to a motion." L.R. 7.5. When Doosan failed to respond by August 10, 2015,[1] the Court, per L.R. 7.5, granted JCB's quash motion as unopposed. Doc. 5 (filed August 14, 2015).

On that same day, however, Doosan filed its response. Docs. 6 & 7. It now moves to vacate the Court's denial Order. Doc. 8. Invoking Fed. R. Civ. P. 60(b)(1) & (6), it points out that its response actually was due August 13, 2015, as JCB served its motion by mail (which gave Doosan three more days to respond). Nevertheless it concedes that it was a day late. But it pleads excusable neglect (response-deadline miscalculations, etc.). *Id.* at 1-4. Opposing, JCB insists, *inter alia*, that Doosan "offers no explanation for why all six of [its] lawyers at three different firms failed to check the CM/ECF docket in this Court. Furthermore, the employees to whom [Doosan counsel Michael J.] Lockerby delegated the task of calculating the deadline apparently understood that the response was

---

[1] The Clerk technically erred by failing to note that JCB served it motion by mail. Doc. 1 at 26-27. Under Fed. R. Civ. P. 6(d), three more days should have been added, making August 13, 2015, the deadline -- something both parties correctly note in their briefs.

2

due on August 10, 2015 plus three days for service, but did not understand what time zone the Court is in." Doc. 11 at 3 n. 3.

In that procrastination is no stranger to the legal profession, freshly minted lawyers necessarily must learn "The Law of the Last Day" -- as in, the last day on which to do something. Missing deadlines, after all, can be fatal. *See Coleman v. Thompson*, 501 U.S. 722, 752-57 (1991) (condemned prisoner pursuing state habeas relief waived right to federal review, and thus could be executed, after his state habeas counsel negligently missed, by three days, deadline for appealing denial of State habeas petition); *id.* at 754 (applying Rest. Agency 2d § 242 (1958) ("[M]aster is subject to liability for harm caused by negligent conduct of servant within the scope of his employment").

Alas, no federalism principles apply in standard commercial litigation disputes like this, so negligent miscues are more easily forgiven. Doosan is forgiven. There is no jurisdictional or statute of limitations deadline implicated here, and in this context one day constitutes a butterfly fluff in a whirlwind. Doosan's "relief" motion (docs. 8 & 10) therefore is **GRANTED**, the Court's August 14, 2015

3

Order (doc. 5) is **VACATED**, and Doosan's response brief will be considered.

Some housekeeping matters remain. First, JCB says that it will file a reply brief if the Court rules for Doosan here. Doc. 11 at 2 n. 1. Supplemental briefs are permitted but typically are subject to the "sudden death" rule.[2] Given the error that occurred here, however, the Court will allow JCB 14 days from the date this Order is served to file its reply.

Second, JCB remarks that Doosan "inexplicably" filed its Rule 60 motion twice. Doc. 11 at 2 n. 2. The explanation is not on the docket but is worth illuminating here for the benefit of the bar. After Doosan filed its motion, doc. 8, the Clerk emailed a memo to its counsel (reproduced in the margin) explaining that the motion was not in "machine readable" format and thus was incompatible with the Court's E-filing system.[3] In

---

[2] *See Waddy v. Globus Medical*, Inc., 2008 WL 3861994 (S.D. Ga. Aug 18, 2008) ("[P]arties may file as many reply briefs as they like under Local Rule 7.5.") (citing *Podger v. Gulfstream Aerospace Corp.*, 212 F.R.D. 609, 609 (S.D. Ga. 2003)); *see also* L.R. 7.6 (authorizing reply briefs but imposing notice requirements and time limits); *Brown v. Chertoff*, 2008 WL 5190638 at * 1 (S.D. Ga. Dec. 10, 2008) (reminding that "[o]nce the initial round of briefs have been filed, subsequent replies run the risk of 'sudden death.' That is, the Court is free to issue its decision at any time.").

[3] The August 17, 2015 memo, issued in conjunction with the Court's E-Filing rules available at http://sav-gasweb/Dist/ecfprocedures.pdf, in its entirety:

response, counsel properly refiled the motion in machine readable format. Doc. 10. The Court uses this opportunity to remind all litigants that they must E-file only machine readable documents.

This 21st day of August, 2015.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

Please take notice that every E-filed document should be "machine readable" because it enables users to search it using key words, and also mark and copy text from it. Producing a "machine readable" .pdf file, which is required for E-filing, is easy. Most word processors have a "publish to .pdf" or "print to .pdf" drop-down option under a "File," then "Print" command. Counsel should use that feature, which produces a machine-readable .pdf.

Please do not print out a document and then run it through a mechanical scanner, which counsel here apparently has been doing (their E-filings have not been machine readable, thus hampering Court operations). That method fails to produce a machine-readable .pdf. Counsel should contact the Clerk's office should additional guidance be needed.

*Id.* The Clerk is **DIRECTED** to docket all such future communications.